[830 NYS2d 879]

In the Matter of DIANA G. CUNNINGHAM, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 2, 2007

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Acting Chief Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Raymond J. Dague*, Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 25, 1992, and maintains an office for the practice of law in Syracuse. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her neglect of client matters. Respondent filed an answer denying certain material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, outstanding issues of fact were resolved by stipulation. Respondent testified at the hearing regarding matters in mitigation. The Referee filed a report that the Grievance Committee has moved to confirm.

Respondent admits that she neglected client matters, failed to respond to requests for information from the Grievance Committee and from the administrator of the fee arbitration program, and failed to comply in a timely manner with attorney registration requirements and with requests from clients for the unearned portions of retainer fees. Additionally, she admits that her failure to comply with a court order resulted in a finding of contempt, which she subsequently purged.

The Referee found and counsel for the Grievance Committee does not dispute that respondent's misconduct occurred during a period of time in which respondent suffered from episodes of depression for which she initially failed to seek appropriate treatment, based on her lack of understanding of the nature of her illness.

We confirm the findings of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 2-106 (e) (22 NYCRR 1200.11 [e])—failing to resolve fee disputes in civil matters by arbitration at the election of a client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to her;

DR 7-101 (a) (2) (22 NYCRR 1200.32) [a] [2])—intentionally failing to carry out a contract of employment entered into with a client for professional services;

DR 7-106 (a) (22 NYCRR 1200.37 [a])—disregarding a ruling of a tribunal made in the course of a proceeding;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client promptly of the receipt of funds in which the client has an interest;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of funds of a client coming into her possession and to render appropriate accounts to the client regarding them; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to the client in a prompt manner as requested by the client the funds, securities or other properties in her possession that the client is entitled to receive.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

We have considered in mitigation the undisputed findings of the Referee that, at the time of the misconduct, respondent suffered from episodic depression for which she has sought treatment, that respondent made full restitution to her clients and that no client was harmed as a result of her misconduct, and that respondent has taken steps to ensure that the misconduct does not recur, including securing the assistance of another attorney to monitor her progress with her caseload. Additionally, we have considered respondent's expression of extreme remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P., MARTOCHE, SMITH and CENTRA, JJ., concur.

Order of censure entered.