[840 NYS2d 844]

In the Matter of JOYCE E. FUNDA, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 20, 2007

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 17, 1984, and formerly maintained an office for the practice of law in Buffalo. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her representation of several clients during a two-year period in which she was engaged in the practice of law. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Before a hearing was conducted, however, outstanding issues of fact were resolved by stipulation. The Referee filed a report based upon the stipulated facts, and the Grievance Committee has moved to confirm the Referee's report. Respondent did not oppose the motion, and she appeared before this Court and submitted matters in mitigation.

Respondent admits that she neglected client matters, failed to submit itemized bills to clients in domestic relations matters at regular intervals and failed to participate in fee dispute arbitration.

We confirm the findings of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 2-106 (e) (22 NYCRR 1200.11 [e])—failing to resolve fee disputes in civil matters by arbitration at the election of a client;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—withdrawing from employment without refunding promptly any part of a fee paid in advance that has not been earned; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to her.

Additionally, respondent violated 22 NYCRR 1400.2 by failing to submit itemized bills to clients in domestic relations matters at 60-day intervals.

We have considered in mitigation the undisputed facts that, at the time of the misconduct, respondent suffered from major

depression for which she has sought treatment, as well as from complications from prescribed medication, including medication prescribed for a condition that was misdiagnosed. Additionally, we note that fee arbitration awards made in favor of respondent's clients have been satisfied. Finally, we have considered respondent's expression of extreme remorse for the misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Cunningham*, 38 AD3d 138 [2007]).

GORSKI, J.P., LUNN, GREEN and PINE, JJ., concur.

Order of censure entered.