*200 OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on June 25, 1992, and formerly maintained an office in Syracuse. By order entered June 20, 2013, this Court suspended respondent from the practice of law, pursuant to 22 NYCRR former 1022.23 (b) (Matter of Cunningham, 107 AB3d 1645 [2013]), and she remains suspended pursuant to that order. In May 2016, the Grievance Committee filed a petition alleging that, before respondent was suspended, she engaged in professional misconduct including neglecting client matters, failing to participate in a fee arbitration proceeding, and failing to cooperate in the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties filed with this Court a joint motion for an order imposing discipline by consent.
Section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR) provides that, at any time after the Grievance Committee files a petition alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent, which must include a stipulation of facts, the respondent’s conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon disciplinary sanction {see 22 NYCRR 1240.8 [a] [5] [i], [ii]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the motion is denied, however, the conditional admissions are deemed withdrawn and may not be used in the pending proceeding {see 22 NYCRR 1240.8 [a] [5] [iii]).
In this case, respondent on the joint motion for discipline by consent conditionally admits that, from May 2011 through January 2013, she failed to keep four clients reasonably informed about the status of their matters, failed to comply with their reasonable requests for information, and neglected three of those matters. Respondent also admits that, in July 2012, she changed law office locations without providing timely *201 notice to her clients or the Office of Court Administration, which resulted in procedural difficulties in a fee arbitration proceeding that had been commenced by a former client. Respondent further admits that she thereafter failed to respond in a timely manner to written inquiries from the Grievance Committee regarding the aforementioned matters and, in January 2013, she failed to appear for a scheduled interview with counsel for the Grievance Committee. In further support of the joint motion, the parties set forth certain aggravating and mitigating factors and agree upon a disciplinary sanction of suspension for a period of six months, effective September 7, 2016.
We grant the joint motion of the parties and conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (b) — neglecting a legal matter entrusted to her;
rule 1.4 (a) (3) — failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4) — failing to comply in a prompt manner with a client’s reasonable request for information;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on her fitness as a lawyer.
We have considered, in imposing the discipline agreed upon by the parties, respondent’s statement that the misconduct occurred while she was experiencing law office staffing problems and caring for a close friend who was suffering from serious health problems. We have also considered, however, that respondent has a disciplinary history that includes three letters of admonition issued by the Grievance Committee and a public censure imposed by this Court in 2007 (Matter of Cunningham, 38 AD3d 138 [2007]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of six months, effective September 7, 2016, and until further order of this Court.
Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ., concur.
Final order of suspension entered.