Matter of Cunningham

2026 NY Slip Op 02584

April 24, 2026

Appellate Division, Fourth Department

Opinion And Order

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MATTER OF DIANA G. CUNNINGHAM, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

Present: Lindley, J.P., Ogden, Nowak, And Delconte, JJ. (Filed Apr. 24, 2026.)

Per Curiam

[*1]

OPINION AND ORDER

Order of suspension entered.

Opinion: Respondent was admitted to the practice of law by this Court on June 25, 1992, and her office address on file with the Office of Court Administration is located in Skaneateles. The Grievance Committee has filed a petition alleging three charges of professional misconduct against respondent, including neglecting two client matters, failing to communicate with those clients, and failing to comply with attorney registration requirements. Respondent filed an answer to the petition denying material allegations, and this Court appointed a referee to conduct a hearing. Following the hearing, the Referee filed a report sustaining the charges and making findings regarding aggravating and mitigating factors. The Grievance Committee moves to confirm the report of the Referee and for a final order of discipline. In response to the motion, respondent accepts the factual findings of the Referee and submits written materials in mitigation. Respondent also appeared before this Court on the return date of the motion, at which time she was heard in mitigation.

With respect to charge one, the Referee found that, in June 2022, respondent accepted $8,000 from a client to pursue an appeal in a domestic relations matter. The Referee found that respondent thereafter failed to obtain the record needed to perfect the appeal or respond to several inquiries from the client regarding the status of the appeal. In August 2022, respondent advised the client that she intended to file a motion to extend the time to perfect the appeal. The Referee found that respondent neither filed the motion nor responded to the client's subsequent requests for proof that the appeal had been filed. In March 2023, the client terminated the representation and requested that respondent refund the retainer fee. The Referee found that, over the next several months, respondent assured the client that a refund was forthcoming. However, respondent did not issue the refund until December 2023. The Referee also found that, from June 2022 through May 2023, respondent failed to send any billing statements to the client.

Charge two concerns respondent's representation of a client in a domestic relations matter, which was pending before a Court Attorney Referee during 2023. The Referee found that, in June 2023, respondent failed to prepare a settlement agreement for the matter, as directed by the Court Attorney Referee. Respondent also failed to attend a virtual conference before the Court Attorney Referee that was scheduled to occur during July 2023. The Referee further found that, throughout the representation, respondent failed to respond to numerous phone and email messages from the client and Court Attorney Referee regarding the matter. The Referee noted that the Court Attorney Referee later confronted respondent about her lack of responsiveness, at which time respondent alleged, without supporting proof, that her computer and phone had been "hacked" to block incoming communications regarding the matter. The Referee found that respondent thereafter ceased working on the client's matter without notice to the client or Court Attorney Referee.

With respect to charge three, the Referee found that respondent failed to comply with attorney registration requirements in a timely manner for the 2022-2023 biennial registration period.

We confirm the factual findings of the Referee regarding the charges, find respondent guilty of professional misconduct, and conclude that she has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):

rule 1.3 (b)—neglecting a legal matter entrusted to her;

rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;

rule 1.16 (e)—withdrawing from the representation of a client without taking steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client;

rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h)—engaging in conduct that adversely reflects on the lawyer's fitness as a lawyer.

We also conclude that respondent violated 22 NYCRR 1400.2, by failing to provide a client in a domestic relations matter with itemized billing statements at a minimum of 60-day intervals, and Judiciary Law § 468-a and 22 NYCRR 118.1, by failing to comply with attorney registration requirements.

In determining an appropriate sanction, we have considered the matters in mitigation submitted by respondent, including her statement that, during the relevant time period, she was overwhelmed by the high volume of assigned counsel matters she was handling in Family Court, which contributed to the misconduct at issue in the petition. We have also considered respondent's statement that she intends to work with a psychologist and a mentor attorney to reduce the likelihood of future misconduct. However, respondent has a substantial disciplinary history, including several admonitions issued by the Grievance Committee, as well as a public censure and a six-month suspension imposed by this Court in 2007 and 2017, respectively (Matter of Cunningham, 38 AD3d 138 [4th Dept 2007]; Matter of Cunningham, 149 AD3d 199 [4th Dept 2017]). Of particular concern is that those prior matters arose from misconduct that is substantially similar to certain of the misconduct in this matter.

Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. We direct, however, that the period of suspension be stayed on condition that respondent comply with the statutes and rules governing the conduct of attorneys and that she not become the subject of any grievance investigation, action, or proceeding or any application for discipline or sanctions in any court. We further direct that respondent shall, until she is relieved of the obligation to do so by this Court, participate in a mental health treatment monitoring program and an attorney mentoring program and submit quarterly reports to the Court and Grievance Committee regarding her compliance with the terms of those programs, as specified in the order entered herewith. We also direct that the terms of the attorney mentoring program shall limit the number of active cases that respondent may handle at any given time. In the event that respondent engages in additional misconduct or fails to satisfy the aforementioned conditions, the Grievance Committee may move this Court to vacate the stay of the suspension.